# Exhibit 2



## U.S. COMMODITY FUTURES TRADING COMMISSION

Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5000

Division of
Market Oversight

Vincent McGonagle
Director

Professor Margaret Hyland, Ph.D.
Vice-Provost (Research)
Vice Chancellor's Office
Victoria University of Wellington
HU 207, Hunter Building, Gate 1
Kelburn Parade, Kelburn
Wellington 6012, New Zealand

**Re:   Withdrawal of CFTC Letter No. 14-130**

Dear Dr. Hyland:

As you are aware, on October 29, 2014, the Division of Market Oversight ("DMO" or "Division") of the Commodity Futures Trading Commission ("CFTC" or "Commission") issued CFTC Letter No. 14-130 ("Letter 14-130" or "Letter") granting the request of Victoria University of Wellington, New Zealand ("the University") that the Division not recommend enforcement action (*i.e.*, "no-action" relief) against the University in connection with its operation of an online, not-for-profit, event contract market in the U.S. for educational and research purposes, without registration as a designated contract market, swap execution facility, or foreign board of trade, and without registration of its operators, subject to certain terms outlined in the Letter.[1]

According to the terms of the Letter, DMO granted the relief based upon the representations of the University that the proposed event contract market would:

(1) be small-scale and not-for-profit;
(2) be operated for academic and research purposes only;
(3) be overseen by faculty at the University, without receipt of separate compensation;
(4) offer event contracts consisting of two submarkets for binary option contracts concerning political election outcomes and economic indicators;

---

[1] Letter 14-130, https://www.cftc.gov/sites/default/files/idc/groups/public/@lrlettergeneral/documents/letter/14-130.pdf.

(5) be limited to 5,000 traders per contract, with an $850 investment limit per participant in any contract;

(6) not offer brokerage services or charge commissions to participants;

(7) utilize a third-party service provider to perform know-your-customer ("KYC") due diligence on its participants[2];

(8) only charge those fees necessary to cover the fulfilment of the KYC process, regulatory compliance, and basic expenses to operate the proposed event contract market; and

(9) limit advertising to media outlets where there is a high likelihood of reaching those interested in the subject matter of its event contracts, provided that such advertising prominently discloses that the platform is unregulated, experimental, and being operated for academic purposes.[3]

The University has not operated its market in compliance with the terms of Letter 14-130.[4] As a result, Letter 14-130 is hereby withdrawn and, as such, is not available for the listing or operation of any new or related contracts. To the extent that the University is operating any contract market, as of the date of this letter, in a manner consistent with each of the terms and conditions provided in Letter 14-130, all of those related and remaining listed contracts and positions comprising all associated open interest in such market should be closed out and/or liquidated no later than 11:59 p.m. eastern on February 15, 2023.

Should you have any questions, please do not hesitate to contact Brigitte Weyls, Assistant Chief Counsel, Division of Market Oversight, bweyls@cftc.gov or 312-596-0547, or Rachel Kaplan Reicher, Senior Special Counsel to the Director, Division of Market Oversight, rreicher@cftc.gov or 202-418-6233.

Sincerely,

_____
Vincent McGonagle
Director
Division of Market Oversight

---

[2] *Id*. at 3.

[3] *Id*.

[4] In Letter 14-130, DMO stated that it "retains the authority to condition further, modify, suspend, terminate, or otherwise restrict the terms of the no-action relief provided herein, in its discretion." *See id*. at 6.

2